## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| PAR PHARMACEUTICAL, INC., and ENDO PAR INNOVATION COMPANY, LLC, | § § § § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:23-CV-00400-JRG-RSP |
| v. | § § | |
| ALKEM LABORATORIES LTD., | § | |
| *Defendant*. | | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Quash Service and Dismiss the Complaint[1] or

in the Alternative Transfer Venue (**Dkt. No. 75**). After consideration, the Court concludes that

Alkem has not met its burden of showing that the District of Delaware would be a clearly more

convenient venue than this forum. Accordingly, the Court **DENIES** Alkem's Motion to Transfer.

### I.      APPLICABLE LAW

A federal district court may transfer a case "for the convenience of parties and witnesses"

to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section

1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed

transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*").

The question of whether a suit "might have been brought" in the transferee forum encompasses

subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this

statutory requirement is met should the Court determine whether convenience warrants a transfer

of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen*

---

[1] The Parties have resolved service, *see* Dkt. Nos. 23, 26 at n1, as such the Court only addresses the transfer issue.

*II*"). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but

must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II.    ANALYSIS

### a.  Private Interest Factors

Alkem largely contends this district has no connection with the underlying infringement at issue. Alkem argues it is an Indian corporation that produces the pharmaceuticals at issue in India but it is not licensed to distribute those pharmaceuticals in the U.S. Instead, it is Alkem's subsidiary Ascend Laboratories, LLC a Delaware corporation with principal place of business in New Jersey, that distributes Alkem's products in the U.S. As such, Alkem broadly contends all sources of proof are likely in New Jersey and India where Delaware will offer greater ease of access. Alkem further contends, again broadly, that compulsory process may be needed against Ascend which is amenable to compulsory process in Delaware but not Texas. For willing witnesses, Alkem contends its personnel routinely travel to New Jersey and as such Delaware would be more convenient for them.

Alkem further contends the District of Delaware already has at least one case concerning the patent Par asserts here. As such, Alkem contends this weighs in favor of transfer.

Par responds that it is asserting infringement of manufacturing claims and as such the relevant evidence will be with Alkem rather than Ascend. Thus, Par contends Alkem's identification of New Jersey is largely irrelevant. For ease of access, Par contends India will hold the majority of relevant evidence not New Jersey and thus there is little gained through transfer to Delaware. Par also contends Alkem's failure to specifically identify any documents or other evidence render's Alkem's showing deficient. As to compulsory process, Par contends Alkem has not shown any third-party witnesses are likely to reside within the subpoena power of the Delaware court. Par contends that without specifying any witness, this factor is

neutral. As to willing witnesses, Par again points to India contending that is where manufacturing takes place and where relevant witnesses will be located. Par contends this district is just as convenient for those witnesses as Delaware. Last, Par contends there are two pending actions covering the asserted patent in this district while there is only one in Delaware, rendering the last private factor neutral.

The Court expects greater specificity in defendant's showing of convenience than the generalized allegation that evidence will be found in one location over another. Such broad allegations as those put forth by Alkem are unlikely to meet its burden to show its preferred forum is *clearly* more convenient. Here, Alkem has identified no witnesses or evidence with specificity. While the Court agrees the majority of relevant evidence is likely with Alkem, Alkem has not shown how or why Delaware might provide greater ease of access to such information. Without identifying a custodian or physical evidence or some other relevant factor, the Court finds most evidence is likely in India, but that Delaware will not provide greater ease of access. This factor is neutral. As to the witness factors, no party has identified any witness. As such, the Court is only left with the assumption that the relevant witnesses will reside near the principal place of business of the identified parties. That is a weak assumption if anything, particularly given the increasing prevalence of remote work and in any case will not carry Alkem's burden of showing Delaware is clearly more convenient. These factors are largely neutral. Last, the Court finds that while there would be some judicial efficiency to be gained by transferring this action to Delaware, such a factor cannot outweigh the otherwise deficient showing by Alkem.

### b.  Public Interest Factors

Alkem concedes this Court is routinely quicker to trial but contends that the difference between the two districts is shrinking and therefor the court congestion factor is neutral. Alkem also argues Delaware has a greater local interest in this case considering Alkem's presence in New Jersey and Delaware's closer proximity to New Jersey. Alkem contends Delaware is more familiar with the law here given Par's other case in that district.

4

Par contends that court congestion weighs against transfer and cites statistics from Docket Navigator that since January 2022 time to trial is 10 months faster in this district. Par also contends there is no local interest in New Jersey much less Delaware as this case is against an Indian corporation not its subsidiary. Last, Par contends both districts are equally familiar with patent law and this factor is neutral.

As both parties agree that this district is generally faster to trial than Delaware, the Court finds the court congestion factor weighs against transfer. The Court finds that the local interest factor is neutral. Even if New Jersey had a local interest in the action, a local interest does not radiate out to nearby districts such that Delaware has a local interest in this action merely on account of its proximity to a state that does. Last, while Alkem is correct that Delaware has some greater familiarity with the patent at issue here, that is already weighed in another factor. The familiarity factor is more concerned with the overall governing law, here U.S. patent law, with which both courts are intimately familiar. As such this factor is also neutral.

### c.  Weighing of the Factors

In view of the foregoing factors, the Court must determine whether the District of Delaware is "clearly more convenient" than the Eastern District of Texas. The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors militating against transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of "clearly more convenient." *See id*. Having weighed the foregoing factors, the Court concludes that the District of Delaware is not "clearly more convenient."

### III.     CONCLUSION

The Court therefore **DENIES** Alkem's Motion for the reasons provided above.

**SIGNED this 11th day of September, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE