IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PAR PHARMACEUTICAL, INC., and ENDO PAR INNOVATION COMPANY, LLC, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:23-CV-00400-JRG-RSP |
| v. | § § | (LEAD CASE) |
| ALKEM LABORATORIES LTD., | § § | |
| *Defendant*. | | |

**MEMORANDUM ORDER**

Before the Court is Defendant Mankind Pharma Limited's Motion to Transfer Venue under 28 U.S.C. §1404(a). (**2:22-cv-399 Dkt. No. 28**.) After consideration, the Court concludes that Mankind has not met its burden of showing that the District of Delaware would be a clearly more convenient venue than this forum. Accordingly, the Court **DENIES** Mankind's Motion to Transfer.

I. **APPLICABLE LAW**

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). Once the moving party has established that the instant case could have been brought in the

1

transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See

*Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

II. **ANALYSIS**

   a. **Venue In the District of Delaware**

Mankind contends, and Par does not dispute, that venue is proper in Delaware and this action could[1] have been brought in either district. As such, the Court finds the same.

   b. **The relative ease of access to sources of proof**

Mankind contends that it is incorporated and headquartered in India but operates through its subsidiary, Lifestar Pharma, in the U.S. Mankind further represents that Glenmark Pharmaceuticals is its exclusive distributor of the relevant product in the U.S. Mankind argues that since Lifestar is headquartered in New Jersey, and only Lifestar communicated with the FDA regarding the product at issue, the relevant evidence is likely to be found in New Jersey, closer to Delaware. Mankind argues similarly as to Glenmark, Mankind's exclusive distributor. Glenmark is also primarily located in New Jersey and as such, Delaware will also offer greater ease of access to their documents. Mankind also contends that since Par is also headquartered in New Jersey, their documents too are likely closer to Delaware than Texas.

Par responds that Lifestar is not a party to the action and has no connection to the research and development or manufacture of the accused products in this case. Par argues that the

---

[1] Mankind throughout its motion contends this motion *should* have been brought in Delaware since Par has previously filed a similar case there but lost a motion for temporary restraining order. As such, Mankind in effect argues that Par has filed this action in this Court to avoid that precedent. The Court does not consider such an allegation as material. First, it ignores that Par has not sought any similar motion in this Court to have another bite at the apple. Second, such an allegation would apply equally to Mankind which now apparently seeks transfer to Delaware for a more favorable outcome instead of New Jersey, which it indicates would be more convenient.

3

manufacturing is the key since the asserted patent is directed to a method of manufacturing. Therefore, Par contends it will be Mankind in India that has the relevant evidence, not Lifestar in New Jersey. Par argues that Glenmark is in New Jersey and not Delaware, or even within the District of Delaware's subpoena power. Further, Par argues that because Glenmark purchases the accused tablets from Mankind, it has no role in manufacturing and thus little relevance to this case.

The Court finds this factor is fairly neutral. While Lifestar and Glenmark are located closer to Delaware than this Court and are likely to have some relevant sources of proof, the Court expects they are stored digitally and are of little value by comparison to the documents of Mankind itself. Mankind's sources of proof, in particular information regarding the manufacture of the accused product, are located in India, where such evidence is equally difficult to access from either this Court or Delaware. Further, Mankind has shown no greater ease of access in Delaware beyond relative proximity to New Jersey. As such, access to any physical evidence and any custodians is tied to New Jersey.

    c. **The Availability Of Compulsory Process To Secure The Attendance Of Witnesses**

Mankind contends that given the locations of the parties, Glenmark, and Lifestar closer to Delaware, it is likely that former employees will be within the subpoena power of Delaware. Mankind argues the opposite is not true and there are no such unwilling witnesses near this Court.

Par contends this factor does not weigh in favor of transfer because while the unnamed non-party witnesses may be closer to Delaware, they have not been shown to be within the subpoena power of the District of Delaware.

The Court cannot credit unnamed former employees that may or may not be in the subpoena power of either Court. The Court is simply unable to evaluate whether these potential witnesses have relevant knowledge, are within the relevant subpoena power, or even exist.

4

Mankind bears the burden here of showing that the District of Delaware is clearly more convenient, it cannot satisfy its burden by merely suggesting witnesses *might* exist in such a way as to favor transfer.

### d. The Cost of Attendance for Willing Witnesses

Under this factor, Mankind points to one witness from New York with knowledge of Mankind's FDA approval process and three of Glenmark's personnel in New Jersey knowledgeable of Glenmark's operations, supply chain, and finances. Mankind contends that since these individuals are closer to Delaware than Texas, Delaware is a more convenient forum for them.

Par responds the relevant witnesses are in India and it is equally convenient for these witnesses to testify in Texas or Delaware. Par also questions Mankind's identification of witnesses. First, Par argues Mankind's witness actually only has knowledge of the relationship between Lifestar and Mankind, which has no bearing on the dispute. As to the Glenmark employees, Par contends that their knowledge of the distribution and sale of the accused products is not relevant because it is likely to be undisputed and the subject of damages experts.

The Court finds this factor slightly favors transfer. While the Glenmark witnesses are likely to provide undisputed testimony, that testimony is still relevant and carries weight in this analysis. However, the Court expects the greater weight of testimonial evidence, particularly regarding infringement, of which none of the witnesses identified by Mankind have relevant knowledge, to come from India. For such Indian witnesses, the Court expects Texas to be equally convenient as Delaware.

### e. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of related suits involving the same or similar issues may create practical difficulties that will weigh for or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011).

Mankind argues that the existence of an earlier case filed by Par asserting the same patent against another defendant in Delaware shows there is greater judicial economy than retaining the case here. Par contends it has filed two cases in this Court compared to the single case in Delaware making this district preferred.

The Court finds that the two districts have roughly equal interests to weigh in the judicial economy balance.

### f. The Administrative Difficulties Flowing from Court Congestion

Mankind concedes this Court has a significantly faster time to trial than Delaware but suggests this factor should still be considered neutral as the "ability to set a fast-paced schedule is not particularly relevant to this factor."

Mankind is wrong. *In re DISH Network L.L.C.* held that the ability to set a fast schedule is not particularly relevant, not that the reality that trials occur more quickly in this district is not relevant. Here, not even Mankind's showing relies on the schedule the Court entered but rather on the statistics of actual trials. This factor weighs against transfer.

### g. The Local Interest in Having Localized Interests Decided at Home

Mankind contends that as both Lifestar and Glenmark are incorporated in Delaware and Headquartered in New Jersey, Delaware has a greater localized interest in this action than Texas.

The Court finds that the local interest factor is neutral. Even if New Jersey had a local interest in the action, a local interest does not radiate out to nearby states such that Delaware has a local interest in this action merely on account of its proximity to a state that does.

### h. Remaining Public Interest Factors

The parties agree that the remaining public interest factors are neutral. As such, the Court finds these factors are neutral.

### i. Weighing of the Factors

In view of the foregoing factors, the Court must determine whether the District of Delaware is "clearly more convenient" than the Eastern District of Texas. The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors militating against transfer. *In re RadmAX, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of "clearly more convenient." *See id*. Having weighed the foregoing factors, the Court concludes that the District of Delaware is not "clearly more convenient."

## III. CONCLUSION

The Court therefore **DENIES** Mankind's Motion **(Dkt. No. 28)** for the reasons provided above.

**SIGNED this 12th day of September, 2024.**

ROY S. PAYNE<br>
UNITED STATES MAGISTRATE JUDGE

7